IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 13 Cr. 242 (SAS) |
| v. | The Hon. Shira A. Scheindlin |
| ROBERT TORRES, | |
| Defendant. | |

# DEFENDANT ROBERT TORRES' POST-HEARING REPLY MEMORANDUM OF LAW

SEAN M. MAHER
*Counsel for Defendant Robert Torres*

The Law Offices of Sean M. Maher, PLLC
233 Broadway, Suite 801
New York, NY 10279
(212) 661-5333
(212) 227-5808 fax

**Preliminary Statement**

In its post-hearing brief, the government argues that the Court should deny relief to Mr. Torres based upon a credibility determination, namely that the Court should believe Special Agent Riveros and not believe Mr. Torres. The government's argument, however, does not square with the record before the Court. Mr. Torres was a credible witness who explained how he was denied counsel and how Riveros threatened to withhold medical treatment from Mr. Torres unless Mr. Torres signed the *Miranda* waiver of rights form. Because Mr. Torres' initial memorandum of law already outlines why Riveros' testimony is suspect, this reply will address the few points raised by the government concerning Mr. Torres' testimony.

**I.     Mr. Torres Was a Credible Witness**

The government asserts that the Court should disregard Mr. Torres' testimony because (1) Mr. Torres denied making certain specific statement to Riveros during the interrogation; (2) Mr. Torres must have exaggerated his physical illness because a hospital found that he was fit for confinement after the interrogation; and (3) Mr. Torres gave inconsistent testimony about his methadone use before being arrested.

On cross-examination, the government, over defense objection, asked Mr. Torres a series of leading questions about what the government believed Mr. Torres told Riveros during the interrogation. The government did not ask Mr. Torres to explain in his own words what questions he remembered Riveros asking and what answers he gave. By using phrases such as "*given* you a *job*,"[1] "*given* you a *job* selling heroin *for him*,"[2] "had a *manager* that you *reported*

---

[1] HT 333 ln 24 (emphasis added).
[2] HT 334 lns 2-3 (emphasis added).

*to*,[3] and "*worked a shift every day* from 9 p.m. to 4 a.m.,"[4] the government tried to force Mr. Torres to accept word for word the language that Riveros used in his 302 to summarize Riveros' understanding of what Mr. Torres said during the interrogation. Mr. Torres should not be found untruthful simply because he did not respond affirmatively to the government's narrow leading questions and Mr. Torres should not be punished because the government never asked Mr. Torres to explain in his own words what Riveros asked and how he responded.

The government urges the Court disregard Mr. Torres' physical suffering resulting from the methadone withdrawal by stating that the pain could not have been too bad because the hospital issued a fit for confinement letter and did not prescribe Mr. Torres methadone. This argument is unpersuasive. First, no one from the hospital or from the MCC medical unit testified as to Mr. Torres' physical and emotional state in the early hours after the interrogation. Second, no one from the hospital testified about the hospital's policy concerning the prescription of methadone to people in federal custody and why it was not prescribed to Mr. Torres. Third, the issuance of a fit for confinement letter does not address the psychological coercion that occurs when medical treatment is threatened to be withheld from someone who believes they need imminent medical treatment.[5]

Finally, the government argues that Mr. Torres is inconsistent about when he last took methadone before being arrested. The record is clear that Mr. Torres had been out of town

---

[3] HT 334 lns 5-6 (emphasis added).
[4] HT 334 lns 8-9 (emphasis added).
[5] The government cites *United States v. Torres*, No. 11 CR 762 (SAS) 2012WL2830020 (S.D.N.Y. July 3, 2012)(Scheindlin, J.) to support its argument that the Court should find Mr. Torres incredible based upon the issuance of the fit for confinement letter and the motive to lie inherent with any defendant facing a potential lengthy term of incarceration. Reliance upon the *Torres* case is misplaced because two of the key factors weighing in favor of the Court's decision was (1) the testimony of *three* agents who corroborated each other and (2) the convoluted stories told by the defendant. Here, in contrast, only one agent testified and Mr. Torres presented a sound description of the events that occurred on April 2nd and 3rd.

visiting his kids and did not return to New York City until April 2, the same day he was arrested,[6] thus he had been unable to take his normally prescribed methadone.

In sum, the Court should find that Mr. Torres was a credible witness and grant Mr. Torres' motion to suppress.

**Conclusion**

WHEREFORE, Mr. Torres respectfully requests that the Court grant his motions and grant such other and further relief that the Court may deem just and proper.

Dated:  New York, New York
        October 29, 2013

Respectfully submitted,

_____/S/_____
**SEAN M. MAHER**
SM 7568
*Counsel for Defendant Robert Torres*
The Law Offices of Sean M. Maher, PLLC
233 Broadway, Suite 801
New York, NY 10279
(212) 661-5333
(212) 227-5808 fax

---

[6] HT 304 lns 4-5, lns 24-25; HT 327 lns 5-7.