

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

December 15, 2014

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Robert Torres*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on December 18, 2014, at 3:30 p.m.  For the reasons explained below, the Government respectfully submits that a sentence of 46 to 57 months' imprisonment should be imposed at sentencing.

### Background

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York.  At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller.  The Government made plea offers based on these classifications.  The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the Organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight.  Within these broad categories, the Government also considered a

defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

A table listing the sentences imposed on defendants to date is included below:

| Defendant | Sentence (months) | Guidelines Range (months) | Criminal History | Role |
|---|---|---|---|---|
| Edward Medrano | 75 | 151-188 (Career Offender) | VI | Street seller |
| Jonathan Mirabal | 65 | 70-87 (man. min.) | V | Street seller/stored drugs |
| Andre Cunningham | 63 | 70-87 (man. min.) | IV | Manager/stored drugs/street seller/possessed gun |
| Damon Grooms | 60 | 60-71 (man. min.) | III | Manager/stored drugs/street seller/possessed gun |
| Jose Aviles | 60 | 151-188 (Career Offender) | VI | Street seller/manager/stored drugs |
| Michael McDuffie | 42 | 57-71 | IV | Street seller |
| Jason Lewis | 36 | 63-78 | VI | Street seller |
| Christian Fabre | 30 | 41-51 | II | Manager/stored drugs |
| Noel Feliciano | 30 | 41-51 | II | Street seller/manager |
| Robert Henderson | 27 | 46-57 | III | Higher-level street seller/manager |
| Darnell Hopkins | 27 | 46-57 | III | Street seller |
| Luis Guzman | 24 | 37-46 | I | Higher-level street seller |
| Zoa Briggs | 24 | 37-46 | III | Street seller |
| Jelfrey Gutierrez | 24 | 30-37 | I | Manager/street seller |
| Max Jordan | 21 | 37-46 | I | Street seller |
| Katherine Soriano | 12 | 24-30 | I | Delivered drugs and guns |

### The Court Should Impose a Sentence of 46 to 57 Months' Imprisonment

Pursuant to the defendant's plea agreement, the defendant's Guidelines offense level is 23. However, in light of the two-level decrease in base offense levels in the drug quantity table set out in Section 2D1.1(c) under the November 1, 2014 version of the Guidelines manual, the Government agrees that the defendant should be sentenced at an offense level of 21.

2

Under the plea agreement, the defendant has four criminal history points, placing him in Criminal History Category III. The PSR assigns the defendant seven criminal history points, placing him in Criminal History Category IV, with the difference resulting from the PSR assigning three criminal history points for a 1998 burglary conviction for which the defendant was sentenced to one to three years' imprisonment, and adjudicated a Youthful Offender. The Government agrees with the PSR's calculation of the defendant's criminal history, which results in Guidelines range of 57 to 71 months' imprisonment.

The defendant, Robert Torres, was a street seller from in or about October 2011 through in or about August or September 2012. In the structure of the Organization, the Government places him in the bottom tier of defendants. In light of the substantial amount of heroin and crack sold by the Organization, the defendant's role, and the defendant's criminal and disciplinary history, the Government respectfully submits that a sentence of 46 to 57 months' imprisonment is an appropriate sentence in this case, and would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct. In particular, there is a significant need for specific deterrence in this case. The defendant's criminal past includes numerous offenses that are not assigned criminal history points, including drug, weapon, and theft offenses, due to their age or their being counted as relevant conduct. Further, the PSR notes that the defendant has had numerous disciplinary issues at the MCC since July 2013. PSR ¶¶ 8-14. The defendant's continued involvement in criminal activity and violations of prison rules after receiving numerous criminal sentences demonstrates the lack of deterrent effect that those sentences have had on the defendant.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:    _____
        Jared Lenow
        Assistant United States Attorney
        (212) 637-1068

cc:    Sean M. Maher, Esq. (by email)